UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONYA KNOWLES,

    Plaintiff,

v.                                             Case No: 8:24-cv-01435-KKM-TGW

NATO, et al.,

    Defendants.
_____

## ORDER

On June 11, 2024, Tonya Knowles filed a complaint (improperly styled a petition for writ of habeas corpus) "Requesting a Peaceful transfer in Power as the Sovereign of the United States and the United Kingdom." (Doc. 1) at 59. This relief "includes" the following:

    1. NATO acknowledging that collective security is the Security and Defense of the Monarch
    2. NATO acknowledging that I, Tonya Knowles, am the Reigning Queen
    3. Remove: 'Absolute Immunity' from Executive, Legislative and Judicial Branches of Government to include Tribal Territories.
    4. Remove: The Department of Labor from 'My House' and Note that I am a separate entity from the Department of Labor.
    5. Remove: The Title King or Queen from any country that is attached to the United States and the United Kingdom to include all territories and note that I am the 'World Boss'

(Doc. 1) at 59. Knowles's complaint is an impermissible shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. Shotgun pleadings "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." (emphasis omitted)).

The four basic types of shotgun pleadings are (1) a complaint that contains multiple counts "where each count adopts the allegations of all preceding counts; (2) a complaint

2

that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts several claims against several defendants without specifying which defendant is responsible for which act or omission or against which defendant the plaintiff states a claim. *Weiland*, 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (footnote omitted).

Knowles's complaint is a prototypical shotgun pleading. First, the complaint "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Knowles's complaint refers to several figures and events, seemingly at random. *See, e.g.*, (Doc. 1) at 4 (Tupac), 44–50 (Beyonce), 51–52 (the Queen of England), 27 (January 6th). These allegations are incoherent at best. Second and despite requesting relief against every member of the North Atlantic Treaty Organization, the Chief Justice of the United States, and several federal agencies, Knowles fails to "specify[] which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Third, Knowles's complaint is essentially a single, sixty-page count. That is not

3

nearly compliant with Rule 10(b)'s requirements for separate counts and numbered paragraphs. *Weiland*, 792 F.3d at 1322–23.

Regardless of defects in form, Knowles's complaint is also patently frivolous in substance. For example, many of the complaint's rhetorical moves are similar to those employed by so-called "sovereign citizens." *See, e.g.*, (Doc. 1) at 59 (claiming that Knowles is "Sovereign of the United States and the United Kingdom"). "Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). As is common with these kinds of vexatious litigants, Knowles disregards the Federal Rules of Civil Procedure and Local Rules and wastes judicial resources. *Cf. Bey v. Stuart*, No. 8:21-cv-920, 2021 WL 7448070, at *1 (M.D. Fla. July 6, 2021) (Merryday, J.) (dismissing with prejudice a frivolous complaint that "cite[d] dozens of purported 'laws,' including the 'Zodiac Constitution,' the 'Treaty of Guadalupe Hidalgo,' and the 'Pope's Letter to Obama,'" and "comprise[d] a prolix, rambling, and largely indecipherable series of allegations").

## CONCLUSION

1. Knowles's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.
2. By **July 16, 2024**, Knowles may file an amended complaint consistent with the directives of this order and in compliance with Federal Rules of Civil Procedure

4

8(a)(2) and 10(b) and the Local Rules. If Knowles fails to timely amend the complaint, this action will become dismissed without prejudice by operation of law. If Knowles submits another shotgun pleading, a subsequent order will dismiss this action with prejudice.

3. If Knowles files an amended complaint, she must also either pay the full $402 filing fee, https://www.flmd.uscourts.gov/fees-table; 28 U.S.C. § 1914, or move to proceed *in forma pauperis*, 28 U.S.C. § 1915.[1] If Knowles fails to comply, an order dismissing this action without prejudice for failure to prosecute will issue. *See* Local Rule 3.10.

**ORDERED** in Tampa, Florida, on June 26, 2024.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE[*]

---

[1] Knowles styled her filing as a "petition for a writ of habeas corpus" and paid the statutory filing fee for habeas petitions of $5. *See* (Doc. 1) at 1; 28 U.S.C. § 1914(a). Because the relief that Knowles requests is unavailable, even plausibly, under the habeas statutes, this order construes the filing as what it is—an ordinary civil complaint.

[*] Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.